IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-01970-WYD-CBS

JENNIFER V. HYDEN,

    Plaintiff,

v.

FORD MOTOR CREDIT COMPANY, a Delaware Corporation authorized to do business in the State of Colorado,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant Ford Motor Credit Company's ("Defendant Ford's") Motion for Partial Dismissal of Plaintiff's Complaint [Docket # 7], filed on November 16, 2006.  In the Complaint, Plaintiff Hyden asserts seven claims for relief, including claims for: (1) Declaratory Judgment, (2) Breach of Contract, (3) Waiver, (4) Breach of Implied Covenant of Good Faith, (5) Willful Breach of Contract, (6) Outrageous Conduct, and (7) Wrongful Termination.  All seven claims arise from the events surrounding Plaintiff Hyden's termination from employment in April 2005.  Defendant Ford argues that this Court should dismiss six of Plaintiff Hyden's seven claims.  The only claim for relief that Defendant Ford does not argue should be dismissed is Plaintiff's claim for Wrongful Termination.

I. STANDARD OF REVIEW

In ruling on a Motion to Dismiss pursuant to Rule 12(b)(6), the court "'must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 S.Ct. 858 (1997) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)). "The Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim." *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989). "A complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) only 'if the plaintiff can prove no set of facts to support a claim for relief.'" *Id.* (quoting *Jojola v. Chavez*, 54 F.3d 488, 490 (10th Cir. 1995)).

"However, it is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1985) (and cases cited therein). If, accepting all well-pleaded allegations as true and drawing all reasonable inferences in favor of plaintiffs, it appears beyond doubt that no set of facts entitle plaintiffs to relief, then the court should grant a motion to dismiss. *See Tri-Crown, Inc. v. American Fed. Sav. & Loan Ass'n*, 908 F.2d 578, 582 (10th Cir. 1990).

II. ANALYSIS

In support of its Motion to Dismiss, Defendant makes four distinct arguments. First, Defendant argues that Plaintiff's claim for declaratory relief is mooted by the fact that she no longer works for Ford Motor Credit Company. Second, Defendant argues

that Plaintiff's claims for Breach of Contract, Waiver, and Willful Breach of Contract, all fail because Plaintiff was an at-will employee. Third, Defendant argues that Plaintiff's claim for Breach of an Implied Covenant of Good Faith fails because the contract at issue is an employment contract. Finally, Defendant argues that Plaintiff's claim for Outrageous Conduct fails as a matter of law.

    A.    <u>Whether Plaintiff Hyden's Claim for Declaratory Relief is Moot and Must be Dismissed</u>

Plaintiff Hyden's first claim is for declaratory relief pursuant to Colo.R.Civ.P. 57 and C.R.S. § 13-51-101, *et seq.* (Compl. at 4.) Specifically, Plaintiff Hyden "seeks a declaration of rights and obligations under the terms and conditions of her Employment Agreement with Defendant." *Id.* Defendant Ford argues that Plaintiff Hyden's claim for declaratory relief is duplicative of her claim for damages and should be dismissed. (Def.'s Br. at 3-4.) Plaintiff Hyden responds by arguing that she is "suffering from an ongoing injury resulting from the Defendant's past violation of a law" and, as a consequence of this ongoing injury, she is entitled to declaratory relief. (Pl.'s Resp. at 3).

The correct inquiry is to analyze whether or not Plaintiff Hyden's claim for declaratory relief is mooted by the fact that she is no longer employed by Defendant Ford. *See e.g. Green v. Branson*, 108 F.3d 1296 (10th Cir. 1997). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot-i.e. where the controversy is no longer live and ongoing." *Id.* at 1299 (internal quotations omitted). Further, it is "well established that what makes a

declaratory judgment action a proper judicial resolution of a 'case or controversy' rather than an advisory opinion-is the settling of some dispute which affects the behavior of the defendant toward the plaintiff." *Id.* "[A] plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured by the defendant in the future." *Id.*

In the instant case, if the request for declaratory relief is looked at in isolation it is apparent that Plaintiff Hyden's request for declaratory relief is moot. Plaintiff Hyden is no longer employed by Defendant Ford. Although Plaintiff Hyden asserts that she is suffering from an ongoing injury, a thorough review of Plaintiff Hyden's Complaint reveals that she has plead no set of facts which would support this assertion. In the Complaint, Plaintiff alleges that "[a] judgment or decree by the Court, if rendered or entered on this issue, would end the uncertainty, insecurity, and controversy with respect to the rights, status, or other legal relations between the parties." (Compl. ¶ 24). A plaintiff's legal interest "must be more than simply the satisfaction of a declaration that a person was wronged." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994). Further, the entry of a declaratory judgment in Plaintiff Hyden's favor would have no effect on Defendant Ford's behavior. Rather, the entry of a declaratory judgment in Plaintiff Hyden's favor would be nothing more than a declaration that Plaintiff Hyden was wrongfully terminated by Defendant Ford.

For the aforementioned reasons, Defendant's Motion to Dismiss is granted regarding Plaintiff's claim for declaratory relief.

B.   Whether Plaintiff Hyden's Claims for Breach of Contract, Willful Breach of Contract, and Waiver, fail as a matter of law

Plaintiff Hyden's Second, Third, and Fifth Claims for relief–-Breach of Contract, Waiver, and Willful Breach of Contract–-all result from Defendant Ford's alleged breach of the Employment Agreement.[1]  Defendant Ford argues that Plaintiff Hyden's claims fail because the employment contract expressly states that Plaintiff's employment is at-will and that "personnel practices, procedures and policies of [Ford] shall not change [Plaintiff's] employment from one terminable at will. . . ."  (Def.'s Br. at 5).  Plaintiff Hyden responds by arguing that the Complaint includes sufficient factual allegations to support her claims that Defendant Ford breached the employment agreement.

The elements of a breach of contract claim are as follows: (1) the existence of a contract, (2) performance by the plaintiff or some justification for nonperformance, (3) failure to perform the contract by the defendant, and (4) resulting damages to the plaintiff.  *Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).  The general rule in Colorado is that "[a]n employee who is hired in Colorado for an indefinite period of time is an 'at will employee,' whose employment may be terminated by either party without cause and without notice, and whose termination does not give rise to a cause of action."  *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 711 (Colo. 1987).  "This presumption of 'at will' employment, however, should not be considered absolute but rather should be rebuttable under certain circumstances."  *Id.*

---

[1] The employment contract was attached to the original Complaint and can be considered by the Court in deciding Defendant's Motion to Dismiss.  FED. R. CIV. P. 10(c).

An employee originally hired as an employee at will may be able to enforce provisions of an employee manual based on either the doctrine of unilateral contract or promissory estoppel. *Id.*

I find that, in the instant case, Plaintiff sufficiently pleads each element of a breach of contract claim. First, Plaintiff Hyden alleges that "[o]n July 23, 2001, Plaintiff, a female, entered into an Employment Agreement with Defendant." (Compl. ¶6). Plaintiff further alleges that "Defendant expressly promised Plaintiff that personnel practices, procedures and policies, and changes therein, as the Defendant might adopt, were expressly and/or impliedly incorporated within the employment agreement between the parties." (Compl. ¶27). Finally, Plaintiff Hyden alleges that Defendant Ford "breached its contractual promises, and Plaintiff consequentially suffered damages. . . ." (Compl. ¶29).

Because this matter is before the Court on a motion to dismiss, I "must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *David v. City and County of Denver*, 101 F.3d at 1352. Courts have recognized that there are circumstances under which an employer can be liable for not following its own procedures. *See e.g. Churchey v. Adolph Coors Company*, 759 P.2d 1336, 1348 (1988)(holding summary judgment based on the employment at will doctrine inappropriate where there was evidence that the employer had distributed written personnel policies to the employees). I find the allegations of the Complaint state a claim for a breach of the employment contract. Similarly, the Complaint alleges a sufficient factual basis for Plaintiff Hyden's Waiver and Willful

Breach of Contract claims. Defendant's argument that Plaintiff fails to state a claim for Waiver and Willful Breach of Contract mirrors Defendant's argument that Plaintiff fails to state a claim for Breach of Contract.

For the aforementioned reasons, Defendant's Motion to Dismiss is denied regarding Plaintiff's Second, Third, and Fifth Claims for Relief.

### C. Whether an Employment Contract Can Contain an Implied Covenant of Good Faith

Because I find above that Plaintiff Hyden has sufficiently stated a claim for breach of contract, Plaintiff Hyden's claim for breach of implied covenant of good faith and fair dealing also should not be dismissed. Defendant Ford argues that Colorado Courts have not recognized a claim for breach of the implied covenant of good faith and fair dealing in the employment context unless it is brought under a theory of breach of contract. In response, Plaintiff Hyden asserts that her claim for breach of implied covenant of good faith and fair dealing is brought under a theory of breach of contract and is proper. I agree.

In *Price v. Federal Express Corp.*, 660 F.Supp. 1388, 1392 (D. Colo. 1987), the court recognized a claim for breach of an implied covenant of good faith and fair dealing in an employment context. The court emphasized that "[e]mployers must realize that if they are going to reap the profits and rewards of employee loyalty and enhanced workmanship which are coaxed by implied promises made to the workforce, then such employers must be held to their word." *Id.* However, it is also the law in Colorado that any claim based on a breach of covenant of good faith and fair dealing "does not inject new substantive terms into a contract or change its existing terms."

*Enriques v. Noffsinger Manufacturing Co., Inc.*, 412 F.Supp.2d 1180, 1184 (D.Colo. 2006). Accordingly, Plaintiff's breach of good faith and fair dealing claim "cannot change existing terms of [the] contract" and "cannot limit an employer's right to discharge without cause unless there is an express or implied promise, independent of the covenant of good faith itself, restricting that right." *Id.*

Plaintiff properly plead a claim for breach of contract and Plaintiff's claim for breach of implied covenant of good faith and fair dealing, as plead, does not change the existing terms of the contract. Consequently, I find that Defendant's Motion to Dismiss should denied as to this claim.

>   D.   Whether Plaintiff Hyden's Claim for Outrageous Conduct Fails as a Matter of Law

Defendant also argues that Plaintiff fails to state a claim for outrageous conduct. "The elements of outrageous conduct are: (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant engaged in such conduct recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) the defendant's conduct caused plaintiff to suffer severe emotional distress." *McCarty v. Kaiser-Hill Co., L.L.C.*, 15 P.3d 1122, 1126 (Colo. App. 2000), *cert. denied* (Jan. 2001). "Although the question whether conduct is outrageous is generally one of fact to be determined by a jury, it is the initial responsibility of a court to determine whether reasonable persons could differ on the question." *Id.* "The level of outrageousness required for conduct to create liability for intentional infliction of emotional distress is extremely high." *Id.* "Liability has been found only where the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be

regarded as atrocious, and utterly intolerable in a civilized community." *Id.* In employment cases, courts in this circuit have held that a complaint alleging outrageous conduct inappropriately attempts to transform a case of alleged discrimination and harassment under Title VII into an outrageous conduct claim. *See Grandchamp v. United Air Lines, Inc.*, 854 F.2d 381, 383 (10th Cir. 1988), *cert. denied*, 489 U.S. 1080 (1989); *Visor v. Sprint/United Mgmt. Co.*, 965 F. Supp. 31, 33 (D. Colo. 1997).

In *McCarty*, the plaintiff alleged that supervisors sought to drive him out of his employment through a pattern of intimidation and harassment. 15 P.3d at 1126. That harassment included not only psychological harassment, such as threatening phone calls, but even physical intimidation in the form of two vehicular assaults. The plaintiff also alleged that "he was uniquely vulnerable to severe emotional distress and was singled out for subjection to harassment and intimidation." *Id.* The Colorado Court of Appeals held that the plaintiff had not presented sufficient evidence from which a jury could find that the conduct of defendants was outrageous. *See also Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999) (en banc) (the allegations "that Coors engaged in an extensive criminal conspiracy involving illegal drugs and money laundering and that Coors fired Floyd to scapegoat him for these crimes" was not outrageous as a matter of law ); *Pascouau v. Martin Marietta Corp.*, 1999 WL 495621 (10th Cir. 1999) (no outrageous conduct even though plaintiff alleged that co-workers and supervisors frequently engaged in lewd discussions about sex and their sexual experiences, brought sexually suggestive materials into the office, speculated about the plaintiff's sexual preferences, called her nicknames referring to her breast size, and

ridiculed and belittled her).

In the case at hand, Plaintiff has not sufficiently plead the factual basis for a claim of outrageous conduct. Plaintiff alleges that she was suffering from various hardships during the relevant time period. Basically, Plaintiff claims that her termination, in light of these hardships, rose to the level of outrageous conduct. I disagree. The facts, as plead in the Complaint, simply do not rise to the level of being "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Accordingly, I grant Defendant's Motion to Dismiss as to the claim of outrageous conduct.

### III.    CONCLUSION

For the aforementioned reasons, it is

ORDERED that Defendant's Motion for Partial Dismissal of Plaintiff's Complaint [Docket #7] is **DENIED in part and GRANTED in part**. More specifically, it is

ORDERED that Defendant's Motion for Partial Dismissal of Plaintiff's Complaint [Docket #7] is **DENIED** as to Plaintiff's Second, Third, Fourth, and Fifth Claims for Relief. It is

FURTHER ORDERED that Defendant's Motion for Partial Dismissal of Plaintiff's Complaint [Docket #7] is **GRANTED** as to Plaintiff's First and Sixth Claim for Relief. In accordance therewith, it is

ORDERED that Plaintiff's first claim for relief–Declaratory Judgment–is **DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that Plaintiff's sixth claim for relief–Outrageous Conduct–is **DISMISSED WITH PREJUDICE**.

Dated:  June 28, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge